## Commonwealth v. Millien, Appellant.

*Criminal law—Murder—Deadly weapon—Firing several shots— Presumption—Defenses—Charge—Degrees—Exceptions — Context of charge.*

1. A verdict of guilty of murder of the first degree will be sustained, where defendant's contention that he intended only to

wound, is not supported by the evidence, but it is clearly shown that the killing was the result of a deliberate assault with a deadly weapon.

2. Where one intentionally uses a deadly weapon upon a vital part of the body of another, there is a legal presumption of an intent to kill which cannot be rebutted by the assailant's own testimony that he did not so intend.

3. Where the evidence shows that the prisoner fired three shots at the deceased, but it does not appear which one resulted in the death, and the prisoner contends that he fired merely to wound and assumes that the first shot killed, the jury may take into account the second and third shots as negativing the idea that defendant shot only to wound.

4. In such case the trial judge cannot be convicted of error in instructing the jury that if the intent of the defendant was not to kill when he first approached deceased, but if he made up his mind to kill before he shot, then the ingredients necessary to constitute murder of the first degree were shown.

5. The charge must be read as a whole and excerpts taken therefrom must be read in connection with the context.

Argued October 6, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 266, Jan. T., 1924, by defendant, from judgment of O. & T. Phila. Co., July T., 1926, No. 883, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Hugh Millien. Affirmed.

Indictment for murder. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

The court charged in part as follows: "Gentlemen of the Jury, you have taken an oath to do your duty. If you believe that this man did that killing unintentionally, without any intent to take life, without premeditation, without wilfulness, without deliberation, turn him loose, acquit him. But if you believe that he went into that barber shop with murder in his heart, if he did not have it when he crossed the threshold, but after he crossed the threshold he made up his mind, between the door and the place where he shot, to kill Barksdale, then he is guilty of murder of the first degree, and he ought

to be convicted of the crime that these facts represent" [2].

Verdict, guilty of murder of the first degree with penalty of death, on which sentence was passed. Defendant appealed.

*Errors assigned,* inter alia, were (2) portion of charge as above, quoting it, refusal of new trial, and judgment, quoting record.

*Maceo W. Hubbard,* with him *Louis F. McCabe, Raymond Pace Alexander* and *John Francis Williams,* for appellant.—The second assignment of error is based on the contention that the instruction which is the basis of the assignment virtually withdrew from the consideration of the jury a possible or probable verdict of murder in the second degree.

A new trial should have been granted: Com. v. Greene, 227 Pa. 86; Com. v. Chapler, 228 Pa. 630; Com. v. Frucci, 216 Pa. 84.

*Charles F. Kelley,* Assistant District Attorney, with him *Charles Edwin Fox,* District Attorney, for appellee, cited: Com. v. Lacie, 256 Pa. 526; Keenan v. Com., 44 Pa. 55; Com. v. Reed, 234 Pa. 573.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1927:

Defendant, sentenced to death for the crime of murder of the first degree, asks us to review the record of his conviction, alleging that it was brought about by errors committed on his trial.

The facts connected with the killing are not in doubt. The only disputed matter is whether defendant in firing the shot which killed deceased did so with an intent to kill or only to wound him.

Appellant and his victim were colored men, the latter the keeper of a barber shop in the vicinity where appel-

lant lived.   There appears to have been some real
or fancied grievance in the mind of defendant against
the deceased owing either to something which the latter
had said about him or his wife or to the failure to pay a
small debt.

On the evening of the murder, defendant visited the
shop of deceased two or three times, but did not find
him in.   On his last visit, deceased was there.   Appel-
lant entered the shop, carrying a Winchester rifle.   De-
ceased was in the act of lathering a customer whom he
intended to shave.   Without speaking, defendant brought
the rifle to his hip and fired.   Deceased fell to the floor
and defendant fired two more shots.   He then left the
shop, made his escape and was apprehended in New
York some months later.   Persons who entered the shop
after the shooting did not find deceased there but dis-
covered him lying on a bed in a rear room.   The post
mortem showed that only one bullet struck him.

Defendant gave no adequate explanation of his crim-
inal act.   He testified that he had not shot at deceased
with the intention of killing him but had aimed at his
arm to wound him, so that he could not grasp a pistol
for which he was reaching.   All the other testimony
negatives such a purpose on the part of deceased.   He
was engaged in lathering the customer who was reclin-
ing in the chair and had no opportunity to do anything
after becoming aware of defendant's presence before
the shot was fired.   Defendant attempted no explanation
of the two succeeding shots, saying he did not remember
firing them.   Which one of the three shots struck de-
ceased was not clearly established.   From the course the
bullet took in his body, there is some indication that it
may not have been the first one fired.

The initial matter we are asked to examine is the
adequacy of the charge, appellant's position being that
the trial judge did not fully instruct as to the evidence
showing the murder was only of the second degree, that
the testimony produced by the Commonwealth indi-

cating a first degree homicide was unduly stressed while that of defendant tending to prove the lesser degree was only casually mentioned.  Our reading of the charge does not leave the impression on our mind that it did not fully cover the evidence on both sides.  The disputed fact was whether defendant fired the shots with an intent to kill, as the Commonwealth contends, or as defendant himself alleges only to wound the deceased.  Appellant's counsel argues the proposition on the basis of his client's intent in firing the first shot which he assumes was the fatal and only one to be considered.  Even if it was the one causing death the jury had a right to take account of the other two, quickly following the first, as indicating what was the slayer's intent: Com. v. Cavalier, 284 Pa. 311, 316.  The firing of the additional ones negatived the idea that defendant had shot only to wound and to prevent the deceased from reaching for a pistol.  Aside from his own statement that he shot, not with intent to kill, but for the purpose of wounding, there is nothing in the record to so indicate.  Every other fact and circumstance in the case points to a deliberately planned and executed intentional slaying.

It is complained by the second assignment of error that the instruction therein set forth (see Reporter's notes) virtually withdrew from the consideration of the jury a possible verdict of murder of the second degree.  While what the court said is not a correct statement of the law as applied to the facts, because (there being no evidence of an accidental killing) if the defendant without any intent to take life or without premeditation, wilfulness or deliberation killed the deceased, he was not entitled to an acquittal, but was guilty of murder of the second degree; it however did the defendant no harm as in plain language elsewhere in the charge the jury was instructed as to the different degrees of murder and as to their right to fix the degree.  This was sufficient: Com. v. Welch, 291 Pa. 40, opinion handed down herewith.

Complaint is made in the third assignment wherein the judge charged the jury, "It is a question of what he did do, and you must determine what he intended to do by what he did do, and render your verdict accordingly," that this was virtually a mandatory instruction on the question of intent. Defendant buttresses this assignment on Com. v. Chapler, 228 Pa. 630. In that case the court instructed the jury in substance (p. 635), "that the fact that defendant used a deadly weapon was conclusive of the question of the degree of guilt," and qualified a point of the defendant, "Murder in the first degree is limited to wilful, deliberate and premeditated killing, and the presumption from the use of a deadly weapon arises no higher than murder in the second degree," with instructions which amounted to its virtual denial. In that case the court told the jury that if the accused used the weapon as described in the testimony, they "would be obliged to fix the degree" as first degree. The jury in the case at bar was left entirely free to fix the degree and the punishment. In Com. v. Zec, 262 Pa. 251, we said (p. 257), "Where one intentionally uses a deadly weapon upon a vital part of the body of another, there is a legal presumption of an intent to kill which cannot be rebutted by the assailant's own testimony that he did not so intend......But whether the assailant intended to use the weapon upon a vital part is a question of fact and he may deny that he intended to so use it, or that he intended to take life." When the whole charge here is read, not the particular excerpt which this assignment brings in question, it is quite apparent that the jury knew they were the ones who were to pass upon the question of the accused's intent and the grade of his crime, not that the judge was determining these questions for them. The charge must be read as a whole and excerpts taken therefrom must be read in connection with the context: Com. v. Winter, 289 Pa. 284.

The fourth assignment complains that the judge instructed the jury that if the intent of the defendant was not to kill with the first shot, but if he made up his mind between the first and second shots to kill, then the ingredients necessary to constitute murder of the first degree were shown.   Defendant's counsel argues this assignment on the proposition that it was the first shot that killed the deceased.   As before stated, it is not certain as to which was the fatal shot.   They were all for the jury's consideration in determining the intent of the slayer.

Other assignments are mere repetitions of these which have already been considered based upon the proposition that it was an abuse of discretion in the court not to grant a new trial.   There was no abuse of discretion and therefore these assignments are without merit.

We have read the entire record as required by the mandate of the Act of February 15, 1870, P. L. 15, section 2, and find present in it all of the ingredients necessary to sustain the jury's finding.

The assignments of error are overruled, the judgment is affirmed and the record is remitted to the court below for the purpose of execution.