# Commonwealth of Pennsylvania *v.* Bailey and Ford, Appellants.

*Criminal law—Criminal procedure—Burglary—Felonious entry—Assault and battery—Appeal—Waiver.*

In the trial of an indictment for burglary and felonious entry, the defendants, after conviction on three of five counts, filed a motion in arrest of judgment. They were then arraigned on two other bills charging other crimes, when they agreed to withdraw their motion in arrest of judgment and accept the sentences appealed from. They were represented by counsel and were advised by the Court that the change of plea covered all of the bills of indictment against them.

Under such circumstances, the appellants waived any right which they otherwise would have had to appeal from the sentences so far as it touched the issue of their guilt or innocence or any error which may have been committed prior to sentence. A defendant may waive his right of appeal except in capital criminal cases.

While the record does not show that the appellants expressly waived their right of appeal, their conduct amounted to a waiver by implication. The voluntary acceptance of the sentences, the terms of which they had notice, under the advise of counsel with a full understanding that the sentences were intended to cover all of the bills then before the Court as well as other bills in the District Attorney's office, together with a delay in taking those appeals, until the last day of the statutory period in which they could appeal, was so utterly inconsistent with an intention to take an appeal on any ground then existing, that the waiver of the right to take it will be conclusively presumed.

Argued October 7, 1927. Appeals Nos. 251, 252, 253 and 254, October T., 1927, by Francis Bailey from judgment of Q. S., Philadelphia County, March T., 1927, Nos. 912, 913, 916, 917, in the case of Commonwealth of Pennsylvania v. Francis Bailey and Peter Ford. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for burglary, felonious entry, assault and battery, etc. Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty and the imposition of sentences as recited in the opinion of the Superior Court. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the court, and the refusal to direct a verdict in favor of the defendants.

*B. D. Oliensis,* for appellant.

*Charles F. Kelley,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., March 2, 1928:

Appellant and a co-defendant, Ford, were jointly indicted in eight bills (Nos. 912 to 919, March Sessions, 1927, inclusive). Bill No. 912 charged burglary as defined in Section 135 of the Criminal Code of 1860 (March 31, 1860, P. L. 382) ; Bill No. 913 charged felonious entry as defined in Section 136 of the Code and its supplements (See Act of March 13, 1901, P. L. 49) ; Bill No. 914 charged assault and battery upon Dolly Jean Carlin with intent to rob and steal from her; Bill No. 915 charged assault and battery upon Martha Hewes with intent to rob and steal from her; Bill No. 916 charged aggravated assault and battery upon Martha Hewes with intent to ravish her; Bill No. 917 charged aggravated assault and battery upon Dolly Jean Carlin with intent to ravish her; Bill No. 918 charged aggravated assault and battery upon Dolly Jean Carlin with intent to kill her; and Bill No. 919 charged aggravated assault and battery upon Martha Hewes with intent to kill her. All of the offenses were part of one transaction which happened about two o'clock A. M. March 2, 1927, at the room in the Sylvania Hotel occupied by the two women. March 28, 1927, the jury convicted the defendants on Bills Nos. 912, 913,

916 and 917 and acquitted them on the other bills. Immediately after the verdicts were rendered a motion for a new trial was made and argued and overruled. Thereupon a written motion in arrest of judgment was filed. March 30, 1927, the motion was withdrawn and the defendants were sentenced on Bill No. 912 to undergo imprisonment in the State Penitentiary for the Eastern District of Pennsylvania for a term of not less than five years nor more than ten years; on Bill No. 913 to a term of not less than five years nor more than ten years to commence at the expiration of the sentence on Bill No. 912. A sentence of imprisonment for not less than two and a half years and not more than five years, to commence at the expiration of the sentence on Bill No. 913, was imposed on Bill No. 916. No sentence was imposed on Bill No. 917. June 30, 1927, the defendant, Bailey, appealed to this court.

At the argument on these appeals the district attorney asserted that immediately before the imposition of the sentences the defendants agreed to the withdrawal of their motion in arrest of judgment and to accept without further exception or objection sentences imposing imprisonment for a term of not less than twelve and one-half years and not more than twenty-five years. As the records certified to this court did not show any such agreement, we entered an order directing the return of the records to the court below for the purpose of correction and amendment in accordance with the facts. On January 10, 1928, the records as corrected, amended and duly certified were returned to this court. By these records the following facts appear: On the day upon which the sentences appealed from were imposed the appellant and his co-defendant were in the court below and about to be tried before the same judge on bills of indictment charging them with other crimes. Their attorney at that time was Morton Witkin, Esquire. William A. Gray, Esquire, had repre-

sented them at the other trial. Mr. Witkin endeavored
to make an arrangement with the district attorney and
the presiding judge, whereby the defendants would
enter pleas of guilty in the cases about to be tried and
withdraw any pending motions made for the purpose
of overcoming the verdicts which had been rendered
against them in the cases involved in this appeal, and
that sentences should be imposed as a final disposition
of all of the bills of indictment against these defend-
ants. This arrangement involved the disposition of
some other bills which were not then before the court,
which the district attorney agreed to submit. After
consultation between the judge, Mr. Gray, Mr. Witkin
and the district attorney, the defendants agreed to ac-
cept a sentence of not less than twelve and one-half
years and not more than twenty-five years as a final
disposition of all of the bills of indictment against
them. Mr. Gray, as counsel for the defendants, advised
the court to this effect, and the defendants were ar-
raigned, withdrew their pleas of not guilty already
entered on the bills on which they were about to be
tried, and entered pleas of guilty. Whereupon the
sentences appealed from were imposed, the court stat-
ing to the defendants as they stood at the bar, "this
change of plea covers all of your bills of indictment."
The judge certifies that it was definitely agreed by the
defendants that the sentence imposed was to be a final
disposition of the cases.

Upon this record we are constrained to hold that the
appellant has waived any right which he would other-
wise have had to appeal from the sentences so far as
that appeal touches the issue of his guilt or innocence
or any error which may have been committed prior to
sentence. A defendant may waive his right of appeal
except in capital criminal cases: Smith v. Common-
wealth, 14 Sargeant & Rawle, 68. It has been held that
a waiver of the right of appeal will be implied from

any act on the part of a defendant inconsistent with an intention to take an appeal: 17 C. J. 48, and cases there cited. While this record does not show that the appellant expressly waived his right of appeal, the opinion of this court is that there was a waiver by implication. The voluntary acceptance of sentences, the terms of which he had notice, under the advice of able and experienced counsel, with a full understanding that the sentences were intended to cover all of the bills then before the court as well as other bills in the district attorney's office, together with a delay in taking these appeals until the last day of the statutory period in which he could appeal, is so utterly inconsistent with an intention to take an appeal on any ground then existing, that the waiver of the right to take it will be conclusively presumed. In our view any other conclusion would amount to permitting the appellant to defeat the ends of justice by a trick played upon the district attorney and the trial court. While an appellate court will be slow to find a waiver of the right of appeal as a matter of inference, it should do so without hesitation where the intention to waive it is as clear as it is here. For this reason we refuse to consider any of the assignments complaining of errors committed prior to the pronouncement of the sentences.

But we are of opinion that the sixteenth assignment, which complains of the imposition of a sentence on Bill No. 913 must be sustained. The appellant was sentenced on Bill No. 912 charging burglary under Section 135 of the Criminal Code. He was also sentenced to serve an additional imprisonment on Bill No. 913, which charges felonious entry under Section 136 of the Code, as amended. This was a fatal error. The indictments show on their face that the offenses were the same. "The offense of entering was merged in the higher offense of breaking and entering; the greater

includes the less:'' Johnston v. Commonwealth, 85 Pa. 54, 65.

So much of the judgment of the court below as imposes an imprisonment for a term of not less than five years nor more than ten years, to commence from and after the expiration of sentence on Bill No. 912, March Sessions, 1927, is reversed. As the court sentenced cumulatively on three indictments, it is ordered that the record be remitted with a procedendo, that the appellant may be sentenced according to law.