# Commonwealth *v.* Vasbinder, Appellant.

*Criminal law—Murder—Evidence—Charge—Withdrawing juror.*

1. Where, on a trial for murder, defendant testified that he visited the room of a certain man before and after the killing, he cannot demand a reversal of conviction on the ground that the district attorney offered the record of a conviction of robbery of the person mentioned, where it appears that the offer was withdrawn on objection, and that defendant did not ask the withdrawal of a juror.

2. In such case it is not error to admit evidence that the person mentioned by defendant was in jail at the time of the trial, where such evidence is introduced merely to explain the failure of the Commonwealth to produce the man as a witness.

3. Where the trial judge in his general charge correctly instructs the jury as to their right to bring in a verdict of second degree murder and defines that crime, he cannot be convicted of error because he does not repeat the instruction.

*Criminal law—Evidence—Escape.*

4. That one accused of crime endeavored to escape is evidence of his guilt.

Argued March 12, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

1928.]                    Opinion of the Court.

Appeal, No. 121, March T., 1927, by defendant, from judgment of O. & T., Allegheny Co., Sept. T., 1926, No. 124, on verdict of guilty of murder of the first degree, in case of Commonwealth v. John Vasbinder, alias Jack Bussinger. Affirmed.

Indictment for murder. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree with penalty of death. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Gregory I. Zatkovich,* for appellant.

*George F. P. Langfitt,* Assistant District Attorney, with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 9, 1928:

Defendant, who appeals from his conviction of murder of the first degree and his sentence to death, approached his victim, Stephen Yelich, on the public street in the city of McKeesport about 2:30 o'clock in the afternoon and asked him for twenty-five cents, which the deceased refused to give him, at the same time advising him to go to the near-by mills and work for the money the same as he did. Defendant thereupon applied a vile expression to deceased, crowded him against a telegraph pole, and drawing a revolver from his trousers pocket shot him to death. The court instructed the jury that under these facts they could find the murder was committed in the perpetration of a robbery. In this we think there was no error. The defense was that the appellant had started to take off his top coat which he offered to pledge to the deceased as security for the money requested and was transferring the revolver from

the pocket of his coat when either the deceased or a companion of his grabbed it and struck him; that at that time the pistol was accidently fired. This story the jury did not believe. The defendant endeavored to escape after the crime but was apprehended several days later.

Complaint is made that appellant was prejudiced by the offer in rebuttal of the record of the conviction of robbery of one Harry Harding; defendant had testified to having visited the rooms of a Harry .Harding before and after the killing. The argument is that the effect of the offer was to indicate that defendant was a comrade of criminals. The record discloses not only that the offer was withdrawn by the district attorney, but that the trial judge sustained appellant's objection to its admission. Under these circumstances we can see no ground now for an allegation of prejudice raised against defendant. If what was here done could work a mistrial, then every offer made by the Commonwealth and rejected by the court could do so. Furthermore, no motion was made to withdraw a juror because of the offer and its possible prejudice.

It is alleged that there was error committed by the refusal of the trial judge to strike out testimony offered by the Commonwealth in rebuttal to show that Harry Harding was an inmate of the western penitentiary without proof that the Harry in prison was the same person as the defendant said he had visited shortly after the crime. Defendant had testified that he obtained the money which aided him in his endeavor to escape (in itself evidence of his guilt: Com. v. Fasci, 287 Pa. 1) after the crime from Harry Harding at 608 West Stockton Avenue, Pittsburgh. In rebuttal, the Commonwealth showed there was no such place as 608 West Stockton Avenue; counsel for appellant then brought out from the same witness the fact that there was a 206 West Stockton Avenue and that a Harry Harding had lived there. Then simply and solely for

the purpose of explaining the failure to produce Harry Harding, it was shown that he was in the penitentiary. This was clearly stated and we are convinced defendant was not prejudiced by the testimony.

It is contended that the court erred in its charge in that portion where the jury was instructed as to the form of its verdict, that the instructions embodied the form for a verdict of first degree murder and of manslaughter but not for a verdict of second degree murder. At the conclusion of his charge, the trial judge told the jury how they should render a verdict of guilty of first degree murder with the death penalty and how if the penalty should be fixed at life imprisonment. He then added, "If you find that he is not guilty of murder but that he is guilty of manslaughter you will say 'We find the defendant not guilty of murder but guilty of voluntary manslaughter.'" Previously in the charge he had instructed them that they could bring in a verdict of second degree murder and had defined that crime. This was sufficient: Com. v. Millien, 291 Pa. 291. It was not necessary that he should repeat the instruction.

Our examination of the entire record as required by the Act of February 15, 1870, P. L. 15, leaves us satisfied that the jury's finding was warranted.

The judgment of the court below is affirmed and the record remitted for the purpose of execution.