## Commonwealth v. Lutz et al.

*Emanuel Weiss*, Assistant District Attorney, for Commonwealth.

*John P. Wanner*, for defendants.

SCHAEFFER, P. J., Oct. 14, 1929.—These two defendants with two others not yet apprehended were indicted upon four bills of indictment, charging all four defendants (1) with assault and battery in and upon Stanley Ostrowski and Joseph Karejwo; (2) with robbery of an automobile while armed with an offensive weapon; (3) with rape of one Helen Kowalski; and (4) with rape of one Stella Kowalski. When the cases were called, they asked for separate trials upon each indictment, but the court denied their request. The jury was accordingly sworn to try them upon all four indictments, and, after hearing the witnesses and the arguments of counsel, returned a verdict of guilty as indicted upon the first three indictments and guilty of assault with intent to ravish upon the fourth.

The defendants now seek a new trial upon the ground that the simultaneous trial of all four cases was prejudicial to them in their rights as defendants and that they are entitled as a matter of law to trial before a different jury upon each indictment. But the transactions which constituted the basis of the four charges constituted one whole. Ostrowski and Karejwo, with the two girls, were in the former's automobile, which was parked at night along a private road. The defendants in another automobile stopped near the first car. Gierot, one of the defendants not yet apprehended, and John Lutz got out of their car and went to opposite sides of Ostrowski's car, pretended to be police officers and demanded Ostrowski's license. When the latter asked to see their authority he was hit in the face. He seized a revolver, but finding he could not work it, gave it to one of the girls, from whom Lutz took it.

Lutz then pulled Karejwo out of the rear seat and took him and Ostrowski, at the point of the revolver, to the other car. Gierot then drove off with Ostrowski's car with the girls in it. James Lutz drove the other car after him, but not before Ostrowski had jumped from a window and escaped. After traveling a mile or more, Gierot awaited the Lutzes, put the girls in the Lutz car and compelled Karejwo to drive off in Ostrowski's car. The defendants then assaulted the girls.

Clearly the entire transaction was intended to get possession of and to assault the girls.

We can discover nothing prejudicial to the defendants in the simultaneous trial upon the four indictments. Save upon the assault and battery charge, the same evidence could have been produced and received upon the trial of each indictment. We believe the matter has been ruled by a number of cases. In Com. v. Valotta, 279 Pa. 84, two indictments charging murder were tried together, although the defendant made no objection before the jury was sworn. The Supreme Court said: "The simultaneous trial on two indictments charging murder is warranted." In Com. v. Danaleczk, 85 Pa. Superior Ct. 253, the simultaneous trial of two indictments charging rape was approved. The court said (page 255): "The propriety of trying two indictments of this character before the same jury is a matter in which the trial court is invested with discretion, and the ruling of that court will not be reversed unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced." To the same effect are Com. v. Faulknier, 89 Pa. Superior Ct. 454, and Com. v. Beattie, 93 Pa. Superior Ct. 404. Both defendants were present from the beginning to the end of the transaction; the assaults which led to the rapes began when John Lutz and Gierot went up to the other automobile while James Lutz waited at the wheel of his car. The testimony was merely a narrative of what was done from that point until the assaults upon the girls had been made.

The defendant contends that section 25 of the Act of March 31, 1860, P. L. 427, 436, renders the trial of two indictments at the same time illegal. This section provides: "In all cases of felony, the prisoner shall be arraigned, and where any person, on being so arraigned, shall plead not guilty, every such person shall be deemed and taken to put himself upon the inquest or country for trial, without any question being asked of him, how he will be tried, and the inquest shall be charged only to inquire whether he be guilty or not guilty of the crime charged against him, and no more. And wherever a person shall be indicted for treason or felony, the jury empaneled to try such person shall not be charged to inquire concerning his lands, tenements or goods, or whether he fled for such treason or felony." In Com. v. Hall, 291 Pa. 341, 350, the Supreme Court says of this section that it "was enacted to dispense with useless common-law forms that prevailed as late as 1860 in some of our criminal courts (Report on the Penal Code, 43); it refers only to cases of felony, and, by subsequent amendments (see section 4, Act of Jan. 7, 1867, P. L. 1369, 1371, and section 1, Act of May 15, 1895, P. L. 71), the necessity for arraignment even in such cases was abolished, except on indictments charging murder." The court goes on to point out that that section dealt with the arraignment of prisoners, and ordains for one who pleads not guilty a trial before a jury. There is nothing in the section or its amendment which prohibits the trial of two or more indictments together.

We can discover no merit in the defendants' contention.

And now, to wit, Oct. 14, 1929, the several rules for new trials are accordingly discharged.                    From Charles K. Derr, Reading, Pa.