## Commonwealth ex rel. Wendell *v.* Smith, Warden.

Argued July 9, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Herbert L. Maris,* for relator.

*Chas. W. Eaby,* District Attorney, for Commonwealth.

PER CURIAM, September 5, 1936:

The relator was tried and convicted generally on an indictment containing two counts: The first, felonious entry into the store building of F. J. Dietrich with intent to steal his goods and chattels; the second, the larceny of certain goods and chattels of the said Dietrich. He was sentenced on the first count to imprisonment in the Eastern Penitentiary for a period of not less than four and a half years nor more than nine years; and on the second count to imprisonment in said penitentiary for a period of not less than one and a half years nor more than three years. He has served over four and a half years and is eligible for parole, if the sentence on the second count was unlawful. His contention is that the offense of larceny, occurring at the same time and place as the offense of felonious entry with intent to steal, was merged in the greater crime and could not be separately punished.

As the crimes of burglary and felonious entry are committed and completed just as soon as the actor breaks, by night, into the dwelling house or other building mentioned in the 135th section of the Criminal Code (Act of March 31, 1860, P. L. 382, 18 PS sec. 3041) [1] or breaks and enters, in the daytime, etc. any building mentioned in the 136th section of the Code (18 PS sec. 3042) [2], with intent to commit a felony, whether that intent be executed or not, it would seem that the actual commission of a felony, even immediately after such breaking and entry would constitute a separate and distinct crime, for which he could be separately punished.[3]   But the clemency of the law

---

[1] Burglary.

[2] Felonious entry.

[3] "If in the night a man breaks and enters a dwelling-house to steal therein, and steals, he may be punished for two offenses or one, at the election of the prosecuting power.   An allegation simply of breaking, entering, and stealing states the burglary in a form which makes it single, and a conviction therefor will

has apparently led our Supreme Court to hold that where a defendant is indicted in one count for breaking and entering with intent to steal and in a second count for larceny [4], if it appear in the record that the felonious breaking and entering and the larceny charged in the separate counts were done at one and the same time, they cannot be punished as separate offenses: *Com. v. Birdsall,* 69 Pa. 482, 485. See also *Stoops v. Com.,* 7 S. & R. 492, where the felonious entry and the larceny were charged in one count. This seems to be in line with the more humane view prevailing in some jurisdictions [5]. See *Munson v. McClaughry,* 198 Fed.

---

bar an indictment for the larceny or the burglary alone. But equally well a first count may set out a breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both. Therefore a jeopardy on an indictment charging the burglary as committed by breaking and entering with intent to steal is no bar to a prosecution for the actual theft. So, almost unanimously, are the authorities; and they do not differ in principle from what we have seen to be the majority doctrine in some other offences." Bishop's Criminal Law, sec. 1062, p. 788.

[4] But in *Com. v. Bailey & Ford,* 92 Pa. Superior Ct. 581, we sustained as separate and distinct offenses (1) burglary and (2) assault and battery with intent to ravish, although they happened as parts of the same occurrence.

[5] "Still, to make a burglary thus double, and punish it twice, first as burglary and secondly as larceny, hardly accords with the humane policy of our law, and we have cases which refuse this double punishment. They proceed on the highly reasonable ground that 'where a criminal act has been committed, every part of which may be alleged in a single count in an indictment and proved under it, the act cannot be split into several distinct crimes and a separate indictment sustained upon each. In reason, where the law permits a defined combination of things to be punished as one crime, how can a prosecutor select from this whole a part, and punish it precisely as it would the whole, then take up the rejected part and punish it, and deny that the latter is 'the same offence' with the former?" Bishop's Criminal Law, sec. 1062, p. 788-9.

72, 76; *Stevens v. McClaughy,* 207 Fed. 18, 20; *Com. ex rel. Ciampoli v. Heston,* 292 Pa. 501, 504; 141 A. 287; *State v. McClung,* 35 W. Va. 280, 284, 13 S. E. 654; *Com. v. Hope,* 22 Pick. (Mass.) 1; *Kite v. Com.,* 11 Metc. (Mass.) 581; *Yarborough v. State,* 86 Ga. 396, 12 S. E. 650. It is true that in the Birdsall case, as the law then stood, it was not possible for the Supreme Court to tell from the "record" whether the two counts were committed at the same time. Since the Act of April 18, 1919, P. L. 72, which makes the testimony taken in the court below a part of the record on appeal, it would seem that the court should be able to satisfy itself whether the offenses charged in the two counts were committed at one and the same time. And the spirit of the Act of 1919 would seem to allow a consideration of the testimony as part of the "record" in habeas corpus proceedings following a trial. We are satisfied that in the present case the offenses charged in the two counts were committed at one and the same time, and, under the Birdsall case, a separate sentence should not have been imposed on the second count. We cannot discharge the prisoner because he has not yet completed the full term of his sentence on the first count; but we can and do set aside the sentence imposed on the second count. The sentence will be corrected accordingly.