Commonwealth ex rel. Hnat, Appellant, *v.*
Ashe, Warden.

Submitted April 14, 1949. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J.,
absent).

*Michael Hnat,* appellant, in propria persona, sub-
mitted a brief.

*William S. Rahauser,* District Attorney and *Leonard
H. Levenson,* Assistant District Attorney, for appellee,
submitted a brief.

PER CURIAM, July 15, 1949:

In this habeas corpus proceeding the relator has ap-
pealed from an order of the Court of Common Pleas
of Allegheny County refusing the writ and dismissing
the petition. On September 21, 1939, the relator ap-
peared with counsel in the Court of Oyer and Terminer
of Allegheny County and pleaded guilty to three bills

of indictment (Nos. 14, 15 and 16, September Sessions, 1939). Each charged him with the offense of statutory rape committed on May 26, 1939; two of the girls were twelve years old and one was ten. After a hearing, at which the relator was heard both in person and through counsel, the court imposed a sentence of five to ten years in the Western State Penitentiary upon each of the three bills of indictment, the said sentences to be served consecutively. On September 13, 1948, the relator filed his petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County, wherein he alleged: (1) That the indictments did not clearly define the offenses charged, with the result that relator was not informed of the nature of the accusations against him, and could not prepare his defense properly; and (2) that the imposition of three separate consecutive sentences was erroneous for the reason that relator's acts were all committed at the same time and place, constituting but a single offense.

The court below examined the bills of indictment, and found that they followed the language of the Act of Assembly and clearly described the offenses charged. Relator has not pointed out any deficiencies therein. His comprehension of the factual aspects of the charges embodied in these bills must have been adequate, for when the sentencing judge asked, "You did what they [the children] said you did?" he replied, "Still I did not hurt them or anything like that. I did come in contact with their bodies." We conclude that there is no substance in this complaint.

Relator's second averment is likewise without merit. The test for determining whether a series of acts constitutes one offense or several offenses has been defined in *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 104, 105, 21 A. 2d 920, 921, as follows: "The true test . . . is whether one crime *necessarily involves* another, . . . When one of two criminal acts committed successively is

not a necessary ingredient of the other, there may be a conviction and sentence for *both*." There was no necessary connection between any of the three offenses charged. They were separate and distinct crimes. The fact that relator molested one of the girls did not permit him to molest the others. A parallel situation was presented in *Com. ex rel. Otten v. Smith*, 126 Pa. Superior Ct. 238, 190 A. 525. There defendant was convicted on two separate bills of indictment, one charging robbery from the person of Mark Huffnagle, and the other charging robbery from the person of Albert Gillen. Consecutive sentences were imposed; and the defendant argued that this was erroneous because the two robberies were part of a single transaction. We said (126 Pa. Superior Ct. 238, 240, 190 A. 525, 526) : "There is no merit in the first contention. Each robbery was a separate offense even though committed at the same place and at approximately the same time : Com. v. Bailey [and] Ford, 92 Pa. Superior Ct. 581; Com. ex rel. Wendell v. Smith, 123 Pa. Superior Ct. 113, 114, 186 A. 810." Relator was properly sentenced for three separate offenses.

The order is affirmed.