## Commonwealth ex rel. *v.* Cooper.

*Habeas corpus—Refusal of lower court—Appeals.*

1. Where a petition for a writ of habeas corpus has been refused by a court of first instance, if the relator wishes an appellate court to decide the questions raised, he should appeal from that decision, and not file a new application in the appellate court.

*Habeas corpus—Form of application—Name of Commonwealth —Practice, C. P.—Parties.*

2. Applications for writs of habeas corpus should be made in the name of the Commonwealth at the relation of the petitioner, and against the person alleged to wrongfully hold the defendant in custody, all of whom should be definitely named.

*Constitutional law—Repealed statutes—Violations—Title of act —Amendments and extensions—Act of 1923.*

3. Section 15, of Act No. 25, of the present legislative session, which provides that violators of previous statutes may be prose-

cuted, although by a later section of the Act of 1923, if considered alone, those earlier statutes would be construed to have been repealed generally, does not offend against article III, section 3 or 6, of the Constitution of this State.

4. No matter how broad may be the title of a statute, nothing will be repealed by it save such acts as by the body of the statute itself are expressly or impliedly repealed.

5. An act will not be held unconstitutional merely because the title is broader than the provisions of the statute itself; this result will not follow unless the title is also clearly misleading.

6. Section 15 of the Act of 1923, does not revive, amend, extend or confer anything, but simply provides that prior statutes shall not be repealed so far as concerns existing violations of them.

7. A statute may be amended by reference to the title of the act to be amended, if so much of it as is amended shall be reënacted and published at length; the Constitution does not require also a quotation of any part of the statute as it was before the amendment.

*Habeas corpus—Legal question—Dismissal.*

8. Where only legal questions are raised by an application for a writ of habeas corpus, the writ will not be granted if clearly it will have to be dismissed in any event.

9. Barrett's Appeal, 116 Pa. 486, considered and explained.

Petition to Supreme Court, Eastern District, for writ of habeas corpus.   No. 200 Misc. Docket No. 4.

*Walter Thomas,* for relator.

PER CURIAM, May 23, 1923:

Defendant was convicted on March 27, 1923, of selling liquor without having a license so to do, the indictment being under a statute that day repealed by Act No. 25 of the present legislative session, the latter act specifying in section 15, however, that "Nothing in this act shall affect any case in which it shall appear that the crime therein charged was committed prior to the date and the approval hereof, but such offenders may be prosecuted and punished, as if this act had not been passed, under and in accordance with the laws then in force,

and, for such purpose, such laws are hereby specially saved from repeal."

In the petition under consideration (which for present purposes we shall assume made application in due form for a writ of habeas corpus), it is alleged that the punishment imposed on defendant was contrary to law, because the unconditional repeal of the statute, under which he was indicted, operated to prevent the trial court from inflicting any punishment for its violation; petitioner claiming that section 15, above quoted, is unconstitutional because it is "indefinite and violates sections 3 and 6 of the Constitution of Pennsylvania"; which averment, being interpreted by the brief accompanying it, means that the section is apparently to remain in force during an indefinite period of time, and violates sections 3 and 6 of article III of the state Constitution.

Petitioner also avers that a like application was made to and dismissed by the trial court. Perhaps this would furnish a sufficient reason for refusing to consider the present petition, because it is in effect an attempted substitute for an appeal: Com. ex rel. Greevy v. Reifsteck, 271 Pa. 441. Certainly we should dismiss it, since it does not aver defendant is now deprived of his liberty; and for the further reason that the proceeding is not in the name of the Commonwealth at the relation of the petitioner and against the officer who is supposed to wrongfully hold the defendant in custody, but is simply a petition for a rule, upon the district attorney, to show cause why a writ should not issue against some unnamed person. We shall, however, consider the points raised exactly as if the application was in proper form and duly before us.

If section 15 of the Act of 1923 was indefinite in point of duration, it would only be like most other statutory provisions. It is, however, limited to offenses committed prior to its passage, and the appropriate statute of limitations will apply to all indictments for crimes committed in violation of the previous statutes, and the time

for trying them will be as in the case of all other indictments. Probably for these reasons the petitioner's brief wisely fails to argue this unfounded objection.

Article III, section 3, against which section 15 of the statute is supposed to offend, provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The supposedly offending title is: "An act concerning alcoholic liquors; prohibiting the manufacture, advertising, furnishing, traffic in, and possession of intoxicating liquors for beverage purposes, and articles and substances designed or intended for use in the manufacture thereof; defining intoxicating liquor; providing for penalties, forfeitures, and the abatement of nuisances; and repealing existing alcoholic liquor laws and alcoholic liquor license laws."

So far as can be gathered from defendant's brief, his contention is that, while this title specifically provides for the repeal of the prior statutes regarding liquor and liquor licenses, it is unconstitutional because it does not refer to the saving clause in section 15. It is clear, however, that no matter how broad may be the title of a statute, nothing will be repealed by it save such acts as, by the body of the statute itself, are expressly or impliedly repealed. Hence where by an enactment, as thus considered, only some of the prior statutes are repealed, in whole or in part, the force and effect of the new act must be limited accordingly, however broad its title may be: State Highway Route No. 72, 265 Pa. 369, 374-5.

Moreover, petitioner, in this contention, overlooks the purpose of article III, section 3. All the provisions of the act, including section 15, would be good, even though the title did not refer to the repeal, wholly or partially, of any prior statute; for as we stated in Com. v. Moir, 199 Pa. 534, 550-551: "It is further said that the act has more than one subject and one not expressed in the title. This is based on the last section of the schedule, which is a repealing clause. It is enough to say at present that

the repeal of previous acts on the same general subject is always germane to the title. Usually the repealing clause is only declaratory of what would be the legal effect without it, but it is useful as preventing doubt [as to] the legislative intent. And a clause saving from repeal an act that is not within the intent, but might have appeared to come within the language of the repealing clause, merely operates as a proviso, and is in no sense a reënactment or extension of the act so executed. It makes no new law." Hence, where, as here, the title of the statute contains more than is required by the Constitution, it cannot (omne majus continet in se minus) be held to violate that instrument unless it is certain the title was misleading, which would hardly ever be the case when the only question was whether the repeal of prior statutes was to take effect at once, and wipe out all existing proceedings under them, or to preserve such prior proceedings.

Article III, section 6, also relied on to defeat section 15 of the Act of 1923, provides that "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length."

The argument upon this point seems to be that as all the prior statutes would have fallen because of the repealing clause in the Act of 1923, therefore section 15, by which they are to be kept alive for the purpose therein stated, must be held to revive, amend, extend or confer their provisions, and for this reason could not be valid, since they were not "reënacted and published at length." This also is covered by the quotation from Com. v. Moir, supra. Moreover, section 15 does not attempt to revive, amend, extend or confer anything, it simply provides that prior statutes shall not be repealed so far as concerns existing violations of them, and hence the contention indicates a confusion of thought, or such a misunder-

standing of plain language as does not usually exist in cases where a real argument is available.

Perhaps petitioner was misled to the remarkable conclusion stated, by reason of the fact that not unusually an amendatory act quotes verbatim the existing statute, and then sets forth at length what it is to be after amendment. The Constitution does not require such a quotation, however, and the present legislature has wisely recognized this,—so far as concerns the printing of the pamphlet laws,—by the Act of March 16, 1923,—being No. 9 of the present session,—and has thus done away with a practice not compelled by the Constitution, and which was of no use whatever, except perhaps as a means by which the legislators, during the consideration of a proposed amendment, might quickly ascertain its intended purpose.

The words "only" and "so much" in article III, section 6, of the Constitution, necessarily carry with them the idea that a later statute will be valid although the amendment is made "by reference to [the] title" of the act to be amended, if also "so much" of it "as is revived, amended, extended or conferred shall be reënacted and published at length." Barrett's App., 116 Pa. 487, sometimes cited as deciding differently, has no such effect. There it was attempted to amend a statute, without either quoting it or reënacting it as it was to be when amended, although the purpose was simply to add to the original statute, every part of which was intended to continue in force.

The true position is as stated in Wilson v. Downing, 4 Pa. Superior Ct. 487, 493, where, after citing a similar provision of the Constitution of Ohio, it quotes with approval the following extract from the opinion in Lehman v. McBride, 15 Ohio 573, 602-3 : " 'As we understand this clause of the Constitution, it requires, in the case of an amendment of a section or sections of a prior statute, that the new act shall contain, not the section or sections which it proposes to amend, but the section or sections

in full as it purports to amend them. That is, it requires, not a recital of the old section, but a full statement, in terms, of the new one......The constitutional provision was intended mainly, to prevent improvident legislation, and with that view, as well as for the purpose of making all acts, when amended, intelligible, without an examination of the statute as it stood prior to the amendment, it requires every section, which is intended to supersede a former one, to be fully set out.'" The Superior Court adds, and we concur in its conclusion: "This is a reasonable construction, and one fully applicable to the clause......from our own Constitution."

Since only legal questions are raised by this application, and these have been herein decided adversely to defendant, it is unnecessary to grant the writ or even a rule to show cause, for if we did we still would be compelled to dismiss the petition; it is accordingly now dismissed.