Com. ex rel. H. Franell *v.* Ashe, Warden.

PER CURIAM, January 31, 1939:

The relator on March 26, 1928 pleaded guilty to an indictment prepared by the District Attorney of Blair County in the court of oyer and terminer, (No. 28 June Sessions, 1928), without the finding of a true bill by the grand jury, pursuant to the Act of April 15, 1907, P. L. 62.

The indictment contained three counts and charged that the defendant did on December 28, 1927: (1) Wilfully and maliciously enter a building of the First National Bank of Altoona, Pa., with intent to commit a felony (Act of March 13, 1901, P. L. 49); (2) wilfully, maliciously and feloniously, by force, threats and menaces, compel the teller in charge of the Branch Bank of the First National Bank of Altoona, Pa., to open the door leading to the vault of said bank where the money and securities of said bank were kept, with intent to steal said money, securities and property (Act of May 8, 1876, P. L. 139); and (3) feloniously did steal and carry away $5000 lawful money, the property of said bank, with intent to convert same to his own use, (Act of March 31, 1860, P. L. 382, sec. 103, p. 408).

He was sentenced the same day on the first count to undergo an imprisonment in the Western Penitentiary of not less than five years nor more than ten years; on the second count, to imprisonment in said penitentiary for not less than ten years nor more than twenty years;

and on the third count, to imprisonment in said penitentiary for not less than one and a half years nor more than three years—the sentences to run accumulatively.

The relator, relying on our decision in *Com. ex rel. Wendell v. Smith*, 123 Pa. Superior Ct. 113, 186 A. 810, claims that the offenses charged in the first and third counts of the indictment were merged in the second count, and that he could not legally be sentenced on those counts.

We pointed out in that case that as the crime of felonious entry into a building with intent to commit a felony was committed and completed just as soon as the actor entered the building with intent to commit a felony, whether that intent was executed or not, the actual commission of a felony even immediately after such entry would constitute a separate and distinct crime, for which he could be separately punished; but because the Supreme Court in *Com. v. Birdsall*, 69 Pa. 482, 485, had ruled that when done at one and the same time, *felonious entry and larceny* would not be separately punished, we followed that decision. We do not feel that we are obliged to go beyond its letter and apply it to the separate and distinct crime of compelling a bank officer by force, threats and menaces to open the vault where its money and securities are kept with intent to steal the same. This is a separate and distinct offense involving force and personal violence and in our opinion is not merged in the felonious entry into the bank with intent to steal. See *Com. v. Bailey & Ford*, 92 Pa. Superior Ct. 581.

We are of opinion that, under the above mentioned decision, the third count—larceny—was merged in the first and second counts and that the sentence on that count cannot stand. It is accordingly set aside. The relator is remanded to complete the sentences on the first and second counts.

We have done this notwithstanding a previous writ of

habeas corpus issued by the Court of Common Pleas of Allegheny County, to No. 1555 July Term 1938 was discharged on May 4, 1938. But we give notice that a writ of habeas corpus to this court is not a substitute for an appeal, and that where such a writ has been sued out in a lower court and dismissed, if the relator deems that error has been committed his remedy is by appeal to this court, not by another writ of habeas corpus: *Com. ex rel. v. Cooper,* 277 Pa. 554, 121 A. 502.