Commonwealth ex rel. Contardi *v.* Smith, Warden.

*Herbert L. Maris* for relator.

*Charles F. Kelley,* District Attorney and *Franklin E. Barr,* Assistant District Attorney, for respondent.

PER CURIAM, January 31, 1939:
Petition for writ of habeas corpus.

The relator was indicted and tried in Philadelphia County to No. 697 June Sessions 1925 in the court of oyer and terminer. The indictment contained four counts: (1) Assault and battery, (2) aggravated assault and battery, (3) assault and battery upon a female with intent, forcibly and against her will, to have carnal knowledge of her, (4) felonious and forcible rape of a woman child under the age of sixteen years. The jury returned a general verdict of guilty and the court accepted it and imposed a sentence of not less than 7½ years nor more than 15 years in the Eastern State Penitentiary, which sentence was in accord with the punishment authorized for rape, by the Act of May 19, 1887, P. L. 128 and with the Act of June 19, 1911, P. L. 1055, as amended by Act of June 29, 1923, P. L. 975.

Relator was also found guilty, on indictment to No. 898 June Sessions, 1925, of enticing a female child under the age of 16 years for the purpose of sexual intercourse, but no sentence was imposed on that bill. He was also convicted on bill to No. 963 June Sessions 1925 of illegal possession of narcotic drugs, and sentenced to imprisonment in the Philadelphia County Prison for five years,

to begin at the expiration of sentence on indictment to No. 697 June Sess. 1925. (Act of April 20, 1921, P. L. 152).

It is true that the transcript of the charge sent up with the record in No. 697 June Sessions, 1925, shows that the trial judge instructed the jury that the evidence failed to establish that there was an actual rape of the female child, but the general verdict of guilty carried with it a verdict of guilty of the charge of rape, and it was, apparently, on that count that the sentence was imposed. The court, on further consideration may have deemed the evidence on that count sufficient to submit it to the jury. The child was only nine years old on the date of the attack, and consideration of section 92 of the Criminal Code of March 31, 1860, P. L. 382, may have led the court to concur with the verdict. See *Com. v. Jones,* 100 Pa. Superior Ct. 121, 124, reversed on another ground in 303 Pa. 551, 154 A. 480. Its course, otherwise, would have been to grant a new trial. The fact that sentence was imposed on that count tends to support this conclusion.

If the defendant felt that the evidence failed to support the verdict, he should have appealed. It is not ground for discharge on habeas corpus.

A writ of habeas corpus is not a substitute for an appeal.

The record shows an indictment, trial and verdict of guilty on a count which justified the sentence under which the relator is in custody.

It also appears by the answer of the district attorney, that on the petition of relator a writ of habeas corpus was issued out of the Court of Quarter Sessions of Philadelphia County, which, on Dec. 9, 1938, was dismissed by Judge McDevitt. Relator's remedy, if the writ was improperly dismissed, was by appeal to this court, not by another writ of habeas corpus: *Com. ex rel. v. Cooper,* 277 Pa. 554, 556, 121 A. 502.

Rule discharged and petition dismissed.