## Commonwealth ex rel. Dickson, v. Ashe, Warden.

PER CURIAM, October 4, 1939:

The relator was tried and convicted in the Court of Oyer and Terminer of Crawford County on two indictments, to wit, 19 February Sessions 1938, charging him with robbery, and 19a February Sessions, 1938, charging him with burglary. He was sentenced on the charge of robbery to undergo imprisonment in the Western Penitentiary at separate and solitary confinement at labor for a minimum term of not less than two and a half years and a maximum term of five years, to be computed from December 7, 1937; and on the charge of burglary, to undergo a like imprisonment in said penitentiary for a minimum term of four years and a maximum term of ten years, to be computed from the expiration of the sentence for robbery, at No. 19. He was accordingly committed.

Citing the decision of this court in *Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 186 A. 810, the relator contends that the robbery, which occurred at the same place and immediately following the burglary was merged with the burglary and could not be separately punished.

We pointed out in the Wendell case, supra, that the

crime of burglary is committed and completed just as soon as the actor breaks by night into the dwelling house mentioned in the indictment, with intent to commit a felony, whether that intent be executed or not; and that the commission of a felony immediately after such breaking and entering would seem to constitute a separate and distinct crime, for which he could be separately punished. But we further pointed out that in *Com. v. Birdsall,* 69 Pa. 482, 485, the Supreme Court had held that where a defendant is indicted in one count for breaking and entering, with intent to steal, and in a second count for larceny, if it appeared in the record that the breaking and entering and the larceny charged in the separate counts were done at one and the same time, they could not be punished as separate offenses.

However, in *Com. ex rel. H. Franell v. Ashe,* 134 Pa. Superior Ct. 96, 3 A. 2d 931, we refused to extend the ruling in the Birdsall case, supra, beyond its own facts, and held that where the felonious breaking and entering is followed by a separate and distinct felony *involving force and personal violence,* they are not merged and the defendant may be separately sentenced on both.

The present case is governed by the decision in the Franell case rather than the Wendell case.

The rule is discharged and the petition is refused.