## Commonwealth ex rel. Krannacher *v.* Ashe, Warden.

PER CURIAM, October 23, 1940:

We shall not consider in this petition for habeas corpus any matters raised by the relator in his prior habeas corpus proceeding, which was heard before Judge PATTERSON of Allegheny County. His remedy there was to appeal from the order refusing to discharge him, not to file a new petition for habeas corpus in this court: *Com. ex rel. v. Cooper*, 277 Pa. 554, 121 A. 502; *Com. ex rel. Capone v. Smith*, 298 Pa. 318, 148 A. 307; *Com. ex rel. H. Franell v. Ashe*, 134 Pa. Superior Ct. 96, 99, 3 A. 2d 931.

Considering the other matters we find no grounds for the relator's discharge.

The records show that he was arrested on November 4, 1939, charged with the forgery of two bank checks and the uttering of said forged and counterfeited checks. Under Section 1010 of the Criminal Code of 1939, P. L. 872, pp. 1019 and 1020, this offense is a felony, punishable by fine, or imprisonment not exceeding fifteen years, or both.

On being brought before the justice of the peace for a hearing he entered a plea of guilty to each charge.

Two 'indictments' were then prepared under the Act of April 15, 1907, P. L. 62, and signed by the District Attorney, to which the relator pleaded guilty, without their presentation to the grand jury and the finding of true bills. His plea was entered to and endorsed on each bill in the following form: "And now, November 6, 1939, the defendant in open court pleads guilty to the charge preferred in the within indictment, waives presentation thereof to the Grand Jury and consents to the [pronouncing] of sentence forthwith.

Per Curiam, O. CLARE KENT, P. J."

He was sentenced on No. 37 November Sessions 1939 to imprisonment in the Western Penitentiary for a minimum term of not less than five years and a maximum term of not more than fifteen years; and on No. 38 November Sessions 1939 to the same sentence, to be computed from the termination of the minimum pronounced in No. 37 November Sessions 1939.

We think the provisions of the Act of April 15, 1907, supra, were substantially complied with.

(1) The plea of guilty was entered in open court by the defendant, this relator, and was endorsed on the 'indictment' by the Judge and duly authenticated or certified by him. We consider this just as effectual a compliance with the Act of 1907, as if the defendant had *signed* the plea so entered on the 'indictment', as was suggested in *Com. ex rel. Mayernick v. Ashe,* 139 Pa. Superior Ct. 421, 12 A. 2d 452, as the proper method of procedure. Our statement in the last named case was not intended to preclude the method of entering the plea of guilty adopted in these cases.

(2) It is of no importance that the printed form of indictment used had the word 'Misdemeanor' endorsed on it. Such an endorsement is not material: *Com. v. Arcurio,* 92 Pa. Superior Ct. 404, 406.

(3) Nor was the legality of the sentence upon the 'indictment' to No. 38 November Sessions, 1939, affected by the clerical error in the caption or heading of the paper, viz. "Plea of guilty to Larceny". The indictment charged forgery of a bank check, the plea of guilty was to the "charge preferred in the indictment" and the sentence related to forgery, for it ordered "restitution to the person defrauded by reason of the issuing of the forged check". It was clearly only a clerical error and formed no part of the sentence.

The rule is discharged and the petition is denied.