Commonwealth ex rel. Cook *v.* Ashe, Warden.

OPINION BY KELLER, P. J., April 16, 1941:

None of the reasons presented by the relator in his petition for writ of habeas corpus warrants his discharge.

On November 25, 1929 the relator appeared in open court before the Court of Quarter Sessions of Indiana County and pleaded guilty to an indictment prepared by the District Attorney under the Act of April 15, 1907,

P. L. 62, containing five counts, charging: (1) Felonious entry of building (Act of March 13, 1901, P. L. 49, sec. 1); (2) larceny (Act of March 31, 1860, P. L. 382, sec. 103); (3) wantonly pointing firearm (Act of May 8, 1876, P. L. 146, sec. 1); (4) aggravated assault and battery on Matilda Butterbaugh (Act of March 31, 1860, P. L. 382, sec. 98); (5) aggravated assault and battery on William H. Butterbaugh.

The plea of guilty was endorsed on the indictment and signed by relator, who also in writing waived the sending of the bill of indictment to the grand jury.

The court sentenced him as follows:

1st count—Imprisonment in Western Penitentiary for a period of not less than five years nor more than ten years.

4th count—Imprisonment in Western Penitentiary for a period of not less than one year and six months and not more than three years, to begin upon the expiration of the sentence on the first count.

3d count—Imprisonment in the Western Penitentiary for a period of not less than six months nor more than one year, to begin upon the expiration of the sentence on the fourth count.

He was not sentenced on the second and fifth counts.

Subsequently, on a writ of habeas corpus to the Court of Common Pleas of Allegheny County, that court, by Judge DITHRICH, modified the sentence by striking therefrom the sentence on the third count, no doubt because the offense charged was included or swallowed up in the count charging that relator did unlawfully and maliciously inflict grievous bodily harm, (aggravated assault and battery), upon Matilda Butterbaugh; but refused to disturb the sentences on the other counts. No appeal was taken by relator from this action. See *Com. ex rel. v. Cooper,* 277 Pa. 554, 121 A. 502.

(1) The rule applicable to burglary and larceny, or felonious entry and larceny, (see *Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 186 A. 810), is not extended to crimes involving the use of actual force and physical violence committed after the felonious entry into the building: *Com. ex rel. H. Franell v. Ashe,* 134 Pa. Superior Ct. 96, 3 A. 2d 931; *Com. ex rel. Dickson v. Ashe,* 137 Pa. Superior Ct. 220, 8 A. 2d 549.

(2) The rule applied by us in *Com. ex rel. Schultz v. Smith,* 139 Pa. Superior Ct. 357, 11 A. 2d 656, does not extend to cases where a *plea of guilty* is entered by a defendant without trial: *Com. ex rel. Curtis v. Ashe,* 139 Pa. Superior Ct. 417, 12 A. 2d 500.

The rule to show cause why writ of habeas corpus should not issue is discharged and the petition is denied.