Opinion by
 

 Keller, P. J.,
 

 This petition for writ- of habeas corpus was filed at the same time, on the same grounds, and by the same counsel, as the petition in
 
 Com. ex rel. Shaw v. Smith, Warden,
 
 147 Pa. Superior Ct. 423, 24 A. 2d 724. It did not aver that the petitioner was innocent of the charges to which he pleaded guilty, and for which he was sentenced to prison; nor did it aver any threats, promises, deception or coercion by the district attorney, or the law enforcement officers, that induced him to enter his pleas of guilty. Except for one circumstance, hereinafter mentioned, the petition would be denied, without more than a reference to the controlling opinion in the Shaw proceeding.
 

 The relator was arrested in Montgomery County, on June 9, 1933, on two warrants, issued on separate complaints, charging (1) that on June 6, 1933, at the point of a gun, he held up and robbed Norris D. Davis of $25, after forcing him to drive his automobile to the Eiver Eoad, where he compelled Davis to get out of his car and left him on the highway; and (2) that on June 8, 1933, while armed with an offensive weapon, he robbed G. Ealston Ayres and shot and wounded him, and stole his motor vehicle. At the hearings held on June 9,1933, he admitted his guilt on both charges and was committed to the Montgomery County jail to stand trial at June Term, 1933, Oyer and Terminer, Nos. 22 and 21, respectively.
 

 Pursuant to the returns of the justices, the district attorney of Montgomery County prepared and signed ten indictments as follows:
 

 No. 21 — Assault and battery on G. Ealston Ayres, 5 counts.
 

 
 *436
 
 No. 21-1 — Robbery of G. Ralston Ayres, while armed with an offensive weapon.
 

 No. 21-2 — Carrying concealed firearm without a license.
 

 No. 21-3 — Larceny of an automobile.
 

 No. 21-4 — Operating a motor vehicle without consent of owner.
 

 No. 21-5 — (1) Wantonly pointing firearm; (2) Wantonly discharging firearm.
 

 No. 22 — Robbery of Norris D. Davis, while armed with an offensive weapon.
 

 No. 22-1 — Carrying concealed firearm without a license.
 

 No. 22-2 — Operating a motor vehicle without the consent of owner.
 

 No. 22-3 — Larceny of an automobile.
 

 Having been notified by the relator that he desired to plead guilty to said charges, without the presentation of indictments to a grand jury — See Act of April 15, 1907, P. L. 62
 
 [1]
 
 — the district attorney indorsed on each indictment the following:
 

 “And now, July 6, 1933, I, Ziggy Jackowski, desiring to plead guilty to the within charge, which I fully understand, hereby notify the District Attorney to that effect; waive sending the within Bill of indictment to the Grand Jury; also, waive trial by Petit Jury; and hereby request a plea of Guilty to be entered hereon,”
 
 *437
 
 which the relator signed, “Ziggy Jackowski.” There is no doubt as to his signature being genuine.
 
 [2]
 

 Accordingly, the next day, July 7, 1933, he was brought into court, arraigned, and pleaded guilty to air the indictments, and the pleas were entered on the respective indictments. The court heard the evidence of Mr. Ayres and Mr. Davis as to their respective robberies, and the shooting of the former in the abdomen, which might have killed him, and the evidence of the officers to whom the defendant had confessed his guilt, and who produced his sworn confessions, all this in the presence of defendant. At the conclusion of theiT testimony, the court, (Judge Knight), asked the defendant if he wished to ask any questions or say anything, to which he replied, “No, your Honor.”
 

 The court postponed sentence for one week, or until July 14, 1933, when he again asked thé defendant if he had anything to say, to which he again replied, “No.”
 

 The court then sentenced him on indictment No. 21-1 charging robbery of G. Ralston Ayres, whiie armed with an offensive weapon, to imprisonment in the Eastern State Penitentiary for not less than ten years nor more than twenty years; and on No. 22, charging robbery of Norman D. Davis, while armed with an offensive weapon to the same imprisonment, to run
 
 concurrently
 
 with the sentence on No. 21-1.
 

 Sentences on the other bills were suspended.
 

 He was removed, pursuant to law, in Juné 1938 from the Eastern State Penitentiary to the Montgomery County jail. On May 23, 1941 he presented, his petition to the Court of Common Pleas of Montgomery
 
 *438
 
 County for a writ of habeas corpus, asking for his discharge from jail on precisely , the same grounds here presented, viz., that at the time of his entering his plea of guilty, he was not represented by counsel; that the court did not ask him if he desired counsel, nor offer to appoint counsel for him; and that he did not waive his right to have counsel represent him at the time of his arraignment.
 

 The court gave him a full hearing on this habeas corpus petition at which he was represented by the, same counsel who represented him in this court; in the course of which hearing the relator admitted having robbed Mr. Ayres, by threatening him with a revolver, after Ayres had picked him up in his automobile while he was “thumbing” his way along the highway; that he had shot Mr. Ayres — although he denied intending to do so — and had stolen his automobile. The court, after considering the matter for two weeks longer, on June 27, 1941, refused to discharge the prisoner and remanded, him to the county jail. He did not appeal, but instead, on November 13, 1941, filed his petition for writ of habeas corpus in this court.
 

 A writ of habeas corpus cannot be used as a substitute for an appeal:
 
 Com. ex rel. Sullivan v. Ashe,
 
 325 Pa. 305, 188 A. 841;
 
 Com. ex rel. Penland v. Ashe,
 
 341 Pa. 337, 19 A. 2d 464, 466.
 

 Where a petitioner has applied in a lower court for his discharge on a writ of habeas corpus, and it has been refused, his remedy, if he seeks the judgment of this court or of the Supreme Court upon the same grounds, is by appeal, not by another petition for writ of habeas corpus to the appellate court:
 
 Com. ex rel. Blattenberger v. Ashe,
 
 336 Pa. 208, 10 A. 2d 4;
 
 Com. ex rel. Penland v. Ashe,
 
 341 Pa. 337, 19 A. 2d 464, 466;
 
 Com. ex rel. v. Cooper,
 
 277 Pa. 554, 556, 121 A. 502;
 
 Com. ex rel. Contardi v. Smith,
 
 134 Pa. Superior Ct. 31, 33, 3 A. 2d 1005;
 
 Com. ex rel. H. Franell v. Ashe,
 
 
 *439
 
 134 Pa. Superior Ct. 96, 99, 3 A. 2d 931;
 
 Com. ex rel. Lewis v. Ashe,
 
 142 Pa. Superior Ct. 357, 16 A. 2d 433;
 
 Com. ex rel. Krannacher v. Ashe,
 
 142 Pa. Superior Ct. 162, 163, 15 A. 2d 855;
 
 Com. ex rel. Capone v. Smith, Warden,
 
 423 Miscellaneous Docket No. 3 (1929), (not reported),
 
 [3]
 
 appeal refused, 298 Pa. 318, 148 A. 307.
 

 For the reasons set forth in the opinion in the Shaw case, supra, as well as on the ground just above stated, we discharge the rule and refuse the writ of habeas corpus. It is so ordered.
 

 [1]
 

 This Act is constitutional:
 
 Com. ex rel. Stanton v. Francies
 
 and
 
 Com. ex rel. Wheeler v. Francies,
 
 250 Pa. 496, 95 A. 527;
 
 Com. v. Kramer,
 
 146 Pa. Superior Ct. 91, 100, 22 A. 2d 46;
 
 Com. ex rel. Slifko v. Ashe,
 
 144 Pa. Superior Ct. 593, 20 A. 2d 799.
 

 [2]
 

 This indorsement, and the plea entered pursuant to it, were in strict accordance with the provisions of the Act of 1907, 'supra, and complied fully with the form suggested in
 
 Com. ex rel. Moore v.
 
 Ashe, Warden, 341 Pa. 655, note pp. 657-8, 19 A 2d 734.
 

 [3]
 

 The order of this Court, refusing Al. Capone a writ of habeas corpus, was as follows:
 

 “Oct. 29,. 1929. The ground presented for this . application relates .to a matter which would have regularly come before this Court on the appeal taken by the relator to October Term, 1929, No. 265. That appeal was non-prossed on the appellant’s (this relator’s) own motion on Oct. 8, 1929, three days before the filing of this petition. Under such circumstances we will not consider on habeas corpus matters which were open to the relator on the appeal non-prossed by him: Com.
 
 ex rel. Greevy v. Reifsteck,
 
 271 Pa. 441 [115 A. 130]. Pule discharged. By the Court.”