Commonwealth ex rel. Carey, Appellant, *v.*
Ashe, Warden.

28

Submitted April 14, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*William Carey*, appellant, in propria persona, submitted a brief.

*William S. Rahauser*, District Attorney, and *Leonard H. Levenson*, Assistant District Attorney, for appellee, submitted a brief.

PER CURIAM, July 15, 1949:

Relator has appealed from the order of the Court of Common Pleas of Allegheny County dismissing his petition for writ of habeas corpus. Three district attorney's "indictments" (Nos. 9, 10, 11, September Sessions, 1944, in the Court of Quarter Sessions of Crawford County) were drawn under the Act of April 15, 1907, P. L. 62, as amended by the Act of June 15, 1939, P. L. 400, 19 PS §241, each charging relator with the offense of larceny of an automobile. Relator pleaded guilty in open court to the three bills of indictment. The court imposed

sentence of not less than two nor more than five years in the Western State Penitentiary on each bill of indictment, the same to run consecutively. Relator's allegations, set forth in his petition for writ of habeas corpus and passed upon by the court below, are purely technical in character: (1) That he did not personally sign the endorsement upon the bills of indictment indicating waiver of presentation thereof to the grand jury and plea of guilty to the charge therein; and (2) that the bills of indictment were not signed by the private prosecutor. For these reasons relator contends that the sentences are invalid and should be set aside.

The endorsements which appear on the several bills read as follows:

"Now, June 6, 1944, the defendant, in open court, pleads guilty to the charge preferred in the within indictment and waives presentation thereof to the grand jury and consents to the [pronouncing] of sentence forthwith.

"Per Curiam

"O. CLARE KENT, P. J."

These endorsements are identical in form with the endorsement reviewed by this Court and held sufficient, even though not signed by the defendant, in *Com. ex rel. Krannacher v. Ashe*, 142 Pa. Superior Ct. 162, 15 A. 2d 855. See *Com. ex rel. Moore v. Ashe*, 341 Pa. 555, 560, 19 A. 2d 734. It is well established that an endorsement containing waiver of presentation to the grand jury and plea of guilty upon a bill of indictment drawn under the Act of 1907 is valid without the signature of the defendant where it appears from the record that he was arraigned and pleaded guilty in open court to offenses clearly defined. *Com. ex rel. Uveges v. Ashe*, 161 Pa. Superior Ct. 58, 53 A. 2d 894, reversed on other ground, 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 152.

Relator's second contention also is without merit. Section 27 of the Act of March 31, 1860, P. L. 427, 19

PS §262, provides: "No person shall be required to answer to any indictment for any offense whatsoever, unless the prosecutor's name, if any there be, is endorsed thereon, and if no person shall avow himself the prosecutor, the court may hear witnesses, and determine whether there is such a private prosecutor, and if they shall be of opinion that there is such a prosecutor, then direct his name to be endorsed on such indictment." The Act merely requires that the prosecutor's name, and not his signature, be endorsed on the bill of indictment. This requirement was properly complied with in the present case.

The order is affirmed.