Commonwealth ex rel. Allen, Appellant, *v.*
Claudy.

Submitted November 20, 1951. Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER,
JJ.

*James W. Allen,* appellant, in propria persona, submitted a brief.

*L. Alexander Sculco,* District Attorney, and *John K. Best,* Assistant District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., March 18, 1952:

This is an appeal by relator from an order of the Court of Common Pleas of Westmoreland County dismissing his petition for writ of habeas corpus.

Relator is confined in the Western State Penitentiary under sentence imposed January 21, 1949, at No. 220, February Term, 1949, in the Court of Oyer and Terminer of Westmoreland County. He waived presentment of bill of indictment to the grand jury and entered a plea of guilty to a bill drawn under the Act of April 15, 1907, P. L. 62, as amended, 19 PS §241. The district attorney's bill to the above number and term charged relator with burglary, larceny, and receiving stolen goods. The waiver and plea were endorsed on the indictment and signed by the relator on January 21, 1949.

On July 28, 1951, relator filed a petition for a writ of habeas corpus in the Court of Common Pleas of Westmoreland County to No. 469, August Term, 1951.[1]

---

[1] An earlier petition (inter alia) for writ of habeas corpus was filed by relator to No. 1996, January Term, 1951-D, in the Court of Common Pleas of Allegheny County; the petition was dismissed and the writ refused by order of January 18, 1951; relator's petition for rehearing was refused on March 26, 1951; the opinion of the court is reported in 99 P.L.J. 405. On June 9, 1950, relator

Answers were filed by the warden and the district attorney. On August 16, 1951, that court by its order dismissed the petition and filed an opinion. No appeal was taken from such order.

In his petition of July 28, 1951, relator contended: (1) That he had been arrested without a warrant, held incommunicado, questioned, coerced, and transferred from jail to jail before finally being committed to the Westmoreland County jail; (2) that he was not formally arraigned and was denied counsel until a guilty plea was acquired; (3) that the date of the alleged offense as set forth in the indictment was changed from on and about the 12th day of January, 1949, to on and about the 11th day of January, 1949, without his knowledge and consent, thereby invalidating said indictment.

In its opinion the Court of Common Pleas of Westmoreland County considered these contentions at length and found them lacking in merit. We deem it unnecessary to enter into any extended discussions of the police procedure subsequent to relator's arrest, which is set forth in detail and explained in the lower court's opinion. See *Com. ex rel. Allen v. Claudy*, 33 West. 355. We note, however, that counsel had been appointed for the relator prior to his entry of a guilty plea. The lower court states that such counsel was directed to ascertain whether relator was fully advised and understood his action in entering a plea of guilty, and that, after prolonged discussion between relator and his counsel, the court was informed that relator still desired to plead guilty to the charge of burglary.

filed a petition in the Supreme Court of Pennsylvania for writ of habeas corpus (No. 1690 Misc. Docket); on September 23, 1950, the rule to show cause was discharged; on April 23, 1951, a petition for rehearing was dismissed; on June 4, 1951, certiorari was denied by the Supreme Court of the United States, 341 U. S. 955, 71 S. Ct. 1007, 95 L. Ed. 1376.

502

On September 26, 1951, relator filed another petition for a writ of habeas corpus in the Court of Common Pleas of Westmoreland County to No. 249, November Term, 1951. On the same day, the court made an order dismissing the petition; the court stating "the same having been passed on by this Court by order filed August 16, 1951, in the Court in a habeas corpus petition by this same petitioner at that time; the matter being now res judicata." It is from this order that relator has appealed.

In this latter petition relator makes these contentions: (1) The written statement which he signed subsequent to arrest and which implicated him in the crime charged, was altered by the addition of further incriminating matter; (2) the form of indictment, when signed by him, was blank and had no waiver of presentment stamped thereon; he further avers, in this connection, (3) that this form was signed by him only two or three days after his arrest when he was still under the influence of alcohol; (4) that at the time he signed such blank form of indictment the police and district attorney stated that the offense with which he was charged would constitute only malicious mischief; (5) that the trial court did not interrogate relator prior to sentence to determine whether he had signed a waiver or to determine whether relator knew what was taking place before sentence was imposed.

Our courts have repeatedly held that, in a habeas corpus proceeding, the remedy of the relator is to appeal from an order of the lower court refusing to discharge him, and not to file a new petition for a writ of habeas corpus.[2] This rule applies with equal effect

[2] Com. ex rel. v. Cooper, 277 Pa. 554, 556, 121 A. 502; Com. ex rel. Penland v. Ashe, 341 Pa. 337, 340, 19 A. 2d 464; Com. ex rel. Contardi v. Smith, 134 Pa. Superior Ct. 31, 3 A. 2d 1005; Com. ex rel. Franell v. Ashe, 134 Pa. Superior Ct. 96, 99, 3 A. 2d 931; Com. ex rel. Krannacher v. Ashe, 142 Pa. Superior Ct. 162, 15 A. 2d 855.

whether the new petition is filed in the same lower court or in an appellate court. Nor may a second petition for a writ of habeas corpus be employed as a device to secure subsequent appellate review of an adjudicated matter from which a timely appeal could have been taken. See *Com. ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 444, 115 A. 130. Although habeas corpus is a civil action, it is generally considered that a court in a habeas corpus proceeding involving the discharge of a prisoner is not bound by the legal rule of res judicata. 25 Am. Jur., Habeas Corpus, §156, p. 250; 39 C.J.S., Habeas Corpus, §105, p. 698. Our courts may consider in a subsequent habeas corpus proceeding material and relevant issues not involved and decided in a prior proceeding. See *Com. ex rel. Krannacher v. Ashe,* 142 Pa. Superior Ct. 162, 15 A. 2d 855. But, where matters have been adjudicated by this Court in a prior appeal, a second appeal involving the same questions has been dismissed. *Com. ex rel. Collins v. Claudy,* 170 Pa. Superior Ct. 199, 85 A. 2d 663; *Com. ex rel. Gibbs v. Claudy,* 170 Pa. Superior Ct. 205, 85 A. 2d 621.[3]

Apart from any question as to whether the matters raised are the same in both of relator's petitions, we find no merit in the averments of either petition. Bearing in mind that he entered a plea of guilty in open court, ten days after his arrest and after consultation with his court-appointed counsel, his allegations become largely immaterial. Where a defendant pleads guilty in open court to clearly defined offenses, his signature to the plea upon the bill of indictment or to the waiver of presentation thereof to the grand jury, while desirable, is not an indispensable prerequisite to the validity of the plea. *Com. ex rel. Carey v. Ashe,*

3. See, also, *Com. ex rel. Dugan v. Ashe,* 151 Pa. Superior Ct. 506, 30 A. 2d 655, allocatur refused, 151 Pa. Superior Ct. xxiii.

165 Pa. Superior Ct. 27, 67 A. 2d 768; *Com. ex rel. Gibbs v. Ashe,* 165 Pa. Superior Ct. 35, 67 A. 2d 773. This disposes of his averments (also contradicted by the record) to the effect that he signed a blank form of indictment while under the influence of alcohol only two or three days after his arrest. In view of his plea of guilty, his signed statement, which he alleges was altered, was of no consequence. Judgment of sentence was not based thereon. He does not aver lack of knowledge of the offenses charged at the time of entering his plea thereto, which plea was made under advice of counsel. This renders irrelevant his averment that he had been earlier advised that the acts he had committed would constitute only malicious mischief.

Appeal is dismissed.