## Commonwealth ex rel. Young, Appellant, *v.* Johnston.

Submitted November 17, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Charles W. Young,* appellant, in propria persona.

*Albert A. Fiok,* Assistant District Attorney, and *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY GUNTHER, J., March 27, 1956:

Appellant, Charles Young, filed a petition for writ of habeas corpus in which he attacks the jurisdiction of the Court of Oyer and Terminer of Allegheny County. The court below dismissed the petition and discharged the rule to show cause. From that order we have this appeal.

In reviewing the history of the case, we have the following facts: in 1949, appellant entered a plea of guilty to the commission of a number of armed robberies and to the crime of larceny and rape. The court imposed sentences at Nos. 111, 112, 114 and 128 June Session 1949 (O & T) to run consecutively. At No. 111 June Session, 1949—for a period of 3 to 6 years to be computed from May 20, 1949; at No. 112 June Session, 1949—for a period of 3 to 6 years, to begin and take effect after the expiration of the sentence at No. 111 June Session, 1949; at No. 114 June Session, 1949—for a period of 3 to 6 years, to begin and take effect after the expiration of the sentence at No. 112 June Session 1949; at No. 128 June Session, 1949— for a period of 3 to 7 years, to begin and take effect at the expiration of the sentence at No. 114 June Session, 1949. The petition is based on the fact that at the time the crimes were committed, appellant was under the age of 18. Appellant filed several other petitions based on the same grounds in 1952 and 1954.

On July 21, 1952, he filed a petition for a writ of coram nobis which was dismissed. At No. 3423 January Term, 1954, a habeas corpus petition was filed. After hearing, the court vacated the sentence at No.

112 June Session, 1949, on the ground that at the time sentence was imposed upon this indictment, the appellant was under the age of 16 and therefore not under the jurisdiction of the court of oyer and terminer. The last petition, however, was dismissed because the appellant admitted then, and now admits, that at the time of committing the offenses for which he is now incarcerated, he was over 16.

The same question was raised at No. 3423 January Term, 1954 as is raised in this appeal.

In habeas corpus proceedings the remedy of the relator is to appeal from an order of the lower court and not to file a new petition. See *Commonwealth ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 87 A. 2d 74; *Commonwealth ex rel. Krannacher v. Ashe,* 142 Pa. Super. Ct. 162, 15 A. 2d 855; *Commonwealth ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A. 2d 206.

Appellant filed no appeals from prior decisions of the lower court involving the same question. If we are to apply the doctrine of res adjudicata, there is no alternative but to dismiss the appeal on this point alone.

The other question remaining to be decided is whether the court of oyer and terminer has jurisdiction to dispose of criminal charges where defendant is under the age of 18. Defendant contends that since he was under the age of 18 at the time of commission of the offenses, the jurisdiction to try the cases was in the juvenile court.

The Act of March 31, 1860, P. L. 427, 17 PS §391 provides:

"The courts of oyer and terminer and general jail delivery shall have power—

III. To try indictments found in the quarter sessions, and certified by said court according to law; and

the said courts shall have exclusive jurisdiction and power to try and punish all persons charged with any of the crimes herein enumerated, which shall be committed within the respective county, to wit:

3. All persons charged with sodomy, buggery, rape or robbery, their counsellors, aiders and abettors. . . ."

The Act of June 3, 1933, P. L. 1449, 11 PS §269-202 as amended by the Act of 1939, P. L. 397 provides inter alia:

"The court hereby created shall have jurisdiction— (f) To inquire, under oath or affirmation, of all crimes, misdemeanors and offenses whatsoever against the laws of this Commonwealth, which shall be triable in the county, wherein the person charged is a child under sixteen years of age."

The Act of June 3, 1933, P. L. 1449, 11 P S §269-413 as amended by the Act of 1939, P. L. 394, Section 14, provides:

"If, during the pendency of a criminal charge, other than murder, against any person in the court of quarter sessions or oyer and terminer, it shall be ascertained that the person charged with the offense was under the age of sixteen years at the time the alleged offense was committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court. If such child is sixteen years of age or over and less than eighteen years of age, such court may, at its discretion, transfer such cases to the Juvenile Court in the same manner. . . ."

The Appellant was over 16 years of age at the time the offenses in question were committed. Under such circumstances the judge in the criminal courts was not required to refer the case to the juvenile court, but in his discretion could dispose of it in the criminal

courts, and the sentences imposed therein: upon the appellant were legal.

Order of the lower court is affirmed.