**Commonwealth ex rel. Gatens v. Banmiller**

*P. N. Gardner*, for relator.

*B. H. Renshaw, Jr., J. K. Slant* and *J. N. Lafferty*, Assistant District Attorneys, and *Victor H. Blanc*, District Attorney, for respondent.

REIMEL, J., August 19, 1958.—This matter came before the court on petition for writ of habeas corpus alleging six contentions for the issuance of the writ. They are as follows: (a) Relator has been falsely accused and convicted; (b) his prior record was considered in evidence to his prejudice at the trial; (c) he was at no time presumed to be innocent; (d) that he had an alibi defense; (e) that he did not sign a waiver of trial by jury, and (f) that his indictment is illegal because it names one "John" Gatens rather than "Henry J." Gatens, the relator.

The record discloses that relator was tried before Hon. Charles L. Guerin, Jr., on October 29, 1957. He was represented by Emanuel Romm, of the Philadelphia bar. Relator and his counsel signed a waiver of trial by jury and the original indictments show that jury trial was waived.

Relator was tried on 10 bills of indictment charging sodomy on 10 different dates from June 15, 1956, to September 14, 1957. He was found guilty on all bills and sentenced to imprisonment for a term of not less than five nor more than 10 years.

The first four contentions of relator pertain to alleged irregularities in the trial for which his remedy would be a motion for a new trial or if relator felt that the evidence failed to support the verdict ren-

dered, he should have appealed. None of these four contentions are ground for discharge on habeas corpus: Commonwealth ex rel. Contardi v. Smith, 134 Pa. Superior Ct. 31, 33. As no appeal was taken by relator, the writ of habeas corpus cannot be used as a substitute therefor: Commonwealth ex rel. H. Franell v. Ashe, 134 Pa. Superior Ct. 96, 99.

Relator's fifth contention, that he did not sign a waiver of trial by jury, is without merit. The record in this case shows that a waiver was signed by relator and his counsel, Emanuel Romm, and was submitted to the court who proceeded to hear the evidence without a jury. The fact that the written waiver signed by relator is now missing from the records of the clerk of the court of quarter sessions is not conclusive of the question of whether such waiver was in fact signed. Moreover, there is a presumption of the regularity of the proceedings in the trial of relator without a jury, and the presence of relator's counsel, Mr. Romm, who informed the court that relator and he, as counsel, did in fact sign the waiver is ground for the refusal of relator's petition: Commonwealth ex rel. Moore v. Tees, 179 Pa. Superior Ct. 634, 639.

Relator's sixth contention, that his indictment is illegal because his name was incorrectly set forth therein, is likewise without merit.

The indictments are sufficient on their face and the record discloses that relator proceeded to trial thereon without objecting thereto. Had he done so the formal defects in the several bills could have been amended. He cannot now, after his conviction, set up the insufficiency of the indictments as a ground for a writ of habeas corpus: Commonwealth ex rel. Jenkins v. Ashe, 341 Pa. 334, 336.

Upon a careful consideration of the petition for writ of habeas corpus and an examination of the

record in this case, the court finds that there are no factual issues for determination and, therefore, no hearing is necessary: Commonwealth ex rel. Newinski v. Cavell, 186 Pa. Superior Ct. 627.

The petition is dismissed.