## Commonwealth ex rel. Conyers v. Banmiller

*Willie Conyers,* relator, p. p.

*Benjamin H. Renshaw, Jr.,* Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for respondents.

WATERS, J., September 2, 1960. — Defendant has appealed from the court's order dismissing his petition for a writ of habeas corpus. We, therefore, file this opinion in accordance with the mandate set forth in Superior Court Rule 43.

The petition, as characterized by President Judge Sloane in his memorandum dated December 10, 1959, "is general and rambling, if not vague, certainly not clearly outlined." Petitioner vaguely asserted that the sentence which he "is serving is not the sentence heard by the court"; that he "was denied the privilege of witnesses in his behalf"; that "the court failed in its duty" to explain to him the nature and cause of the charges; that the Commonwealth failed to present sufficient evidence to prove his guilt; that he was subjected to continuous and lengthy questioning and was shuttled from police station to police station without benefit of counsel; that he was denied an opportunity to waive trial by jury and that one juror was prejudiced against him.

Petitioner was sentenced by President Judge Byron A. Milner on bill no. 1577, January sessions, 1958, charging "attempted rape" to a term of two and one half to five years effective January 19, 1958, and on bill no. 1578, charging "sodomy" to a term of two and one half to five years, to begin at the expiration of the sentence imposed on bill no. 1577. In accordance with the provisions of the Act of June 25, 1937, P. L. 2093, 19 PS §897, the sentences are computed as a total sentence of five to 10 years effective January 19, 1958. Sentence was suspended on bills nos. 1574-1576, charging indecent assault, corrupting the morals of a minor child and attempted statutory rape.

In an earlier petition for a writ of habeas corpus, as of C. P. No. 7, March term 1959, no. 46, Judge Ethan Allen Doty considered, inter alia, contentions that the Commonwealth failed to prove the crimes charged and that certain witnesses were not called at the time of the trial. Petitioner had available to him the remedy of appeal from dismissal of his earlier petition and these contentions have been adjudicated. See Commonwealth ex rel. Ruger v. Day, 176 Pa. Superior Ct. 479 (1954) ; Commonwealth ex rel. Young v. Johnston, 180 Pa. Superior Ct. 631 (1956).

The sentence pronounced in court and recorded in the notes of testimony is the same as that endorsed on the bills of indictment and is the sentence which petitioner is now serving. This allegation was without merit since there was no change in sentence.

There was no duty upon the court to inform defendant of the nature and cause of the charges against him; the indictments served that function. There is no allegation or evidence that defendant did not comprehend the charges against him.

There was no merit to the contention that defendant was tried on multiple indictments. The indictments were reasonable and properly joined for dis-

position at one trial. All of the bills arose out of an assault on the same victim at the same time.

Petitioner's allegations that he was subjected to lengthy questioning do not set forth any basis for complaint. No confession was obtained from petitioner or used against him.

Petitioner's contentions seeking to attack his trial by jury were without merit, were negated by the record and should have been presented by way of appeal if they had any merit. Petitioner did not suggest any reason why he could not have questioned any juror at the time of trial; his vague assertions as to an unnamed juror were without merit. Petitioner did not have a right to waive trial by jury without the district attorney's consent (Act of June 11, 1935, P. L. 319, sec. 1, as amended by the Act of March 24, 1945, P. L. 57, sec. 1, 19 PS §786), and such consent was withheld in this case.

For the foregoing reasons we dismissed the petition for a writ of habeas corpus.