## Commonwealth ex rel. Franklin v. Russell

*John V. Franklin*, p.p., relator.

*George J. Joseph*, District Attorney, and *Wilbur C. Creveling, Jr.*, Assistant District Attorney, for respondent.

HENNINGER, P. J., March 6, 1962.—Relator was sentenced by this court on March 9, 1949, on five charges of burglarly to nos. 67 to 71 inclusive, January sessions 1949. In no. 68 January sessions, he was sentenced to imprisonment in the Lehigh County Prison for not less than two and one-half nor more than

five years from February 2, 1949, and in no. 69 January sessions to the same sentence to begin at the expiration of the sentence in no. 68. The other sentences were to be concurrent with those in nos. 68 and 69 and are not here relevant.

Relator, who is now incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania, is serving the maximum sentence by reason of his violation of parole after having been released upon parole and after having served four years and three months of his minimum sentence. After his release he was convicted of crime and was not delivered to Pennsylvania until September 16, 1960. Having lost his "street time" by violation of the law during his period of parole, his maximum sentence will not expire until June 14, 1966.

Relator has filed a petition for a writ of habeas corpus and we granted him a hearing thereon. The petition avers that he is illegally detained because: (1) he plead guilty upon a district attorney's bill, without his having waived presentment to a grand jury; (2) that he was unaware of the charges against him; (3) that he was then a juvenile 17 years of age with a seventh grade education; (4) he had no counsel or incompetent and inadequate counsel; and (5) coercion of arresting officers.

At hearing, relator, while persisting in his denial of knowledge of the specific crimes, admitted that he had violated the law in Lehigh County, although he did not specify what those crimes may have been.

After the testimony of Robert B. Doll, a member of our bar (who had first written to relator that he did not remember having represented him), that he recognized his handwriting upon the pleas of guilty and that this brought back to his memory the fact of representation of the relator by order of court and that he further remembered the occurrences out of which the charges grew, relator conceded that he recognized Mr. Doll

as having represented him. Mr. Doll is an estimable and well-qualified member of our bar and had been practicing law for two years prior to his representation of relator and we therefore find that relator was represented by capable counsel when he pleaded guilty.

Relator also conceded that he had not been threatened or abused by the police authorities and gave no testimony from which we could adduce that his admissions of guilt were not his voluntary act. In fact, he admitted having committed burglaries on at least two other occasions, (1) to the officers at Eastern State Penitentiary upon transfer to that institution, and (2) in a plea for commutation several years later.

We are now convinced that relator was a month short of his eighteenth birthday when he pleaded guilty. What we would have done with his case, had we then known that he was under 18 years of age, we cannot now say. Since he was over 16 years of age when the crimes were committed, we had the right to treat him as an adult (see Commonwealth ex rel. Franklin v. Russell, 308 April term, 1961) and, considering the gravity of his offenses, we would probably have done so. Had we sent him to the State Correctional Institution at Camp Hill on an indeterminate sentence, he would now have a maximum of 20 years instead of ten years facing him.

If we treated him as a 19 year old young man, it was because relator himself, for reasons of his own, pushed back his year of birth to 1929. He did this on his identification card over his signature when interviewed by State Police, he so told the intake officer at Lehigh County Prison and he so told the intake officer at Eastern State Penitentiary upon his transfer to that institution almost eight months later. It is now too late to ask the court to reconsider what it might have done, had he not deceived us as to his rightful age.

In any event, all of these matters have been treated by my learned colleague, Judge Koch, in the former petition for a writ as cited above.

There is only one new point raised in this application for a writ of habeas corpus and that is that the plea of guilty was endorsed upon bills of indictment that had not been presented to a grand jury and whose presentment had not been waived by relator.

There is not the remotest possibility either that relator, who was ready and willing to plead guilty to the charges against him, would have demanded presentation to a grand jury or that a grand jury would have ignored the bills, so that relator has suffered nothing from his assorted ignorance of any such right.

To avoid just such claims, however, we have for some years required a written and signed waiver, but at the time relator pleaded, the practice was otherwise. But from the fact that we now require a written waiver, it does not follow that a waiver must necessarily take that form.

The Act of April 15, 1907, P. L. 62, sec. 1, as amended by the Act of June 15, 1939, P. L. 400, 19 PS §241, reads as follows:

"Whenever hereafter, within this Commonwealth, any person is charged with the commission of any crime, and such person is willing to waive an indictment by a grand jury, and shall notify the district attorney to that effect, no bill of indictment charging such offense shall be sent to a grand jury; but the district attorney shall at once prepare a bill of indictment, in the usual form, and the plea of guilty or not guilty, as the case may be, shall, at the request of the said defendant or defendant's counsel be entered thereon, and the court of the proper county at any session thereof, shall thereupon, if the plea is guilty, forthwith, impose sentence for the offense set forth therein, and, if the plea is not guilty, bring the defendant to a

speedy trial with or without a jury as provided by law: Provided, however, that nothing in this act shall be construed so as to relate to, or change the proceedings in, homicide cases in this Commonwealth: And provided further, That the defendant may withdraw his plea of guilty, at any time before sentence, by leave of the court."

In this case admittedly we have no written waiver of presentment to the grand jury, although relator must have expressed his willingness to enter a plea without such presentment because the plea was taken on March 9, 1949, whereas the grand jury was not due to sit until the first Monday in April 1949. Had he not expressed a willingness to plead, he would not have been brought into court on March 9, 1949.

Relator had before him five bills of indictment describing the specific crimes with which he was charged and, with the advice of counsel, he signed a plea of guilty thereon.

There is nothing in the Act of 1907, as amended, which requires that the waiver of presentment or the desire to plead guilty must be in writing. In fact, both the Superior and Supreme Courts of Pennsylvania have held that, while a written signature to a plea is preferable and a plea on an indictment is preferable, the absence of such writing will not vitiate a plea or a sentence based thereon if the record shows that a plea was entered to the crime charged: Commonwealth ex rel. Stepper v. Banmiller, 393 Pa. 1, 3; Commonwealth ex rel. Moore v. Ashe, 341 Pa. 555, 557; Commonwealth ex rel. Carey v. Ashe, 165 Pa. Superior Ct. 27, 29; Commonwealth ex. rel. Allen v. Claudy, 170 Pa. Superior Ct. 499, 503; Commonwealth ex rel. Koenig v. Cavell, 183 Pa. Superior Ct. 445, 448.

In Commonwealth ex rel. Patterson v. Ashe, 154 Pa. Superior Ct. 397, 398, it was held that a plea of guilty to a district attorney's bill more than two years

after the commission of the crime was a waiver of proof of tolling of the statute of limitations. A fortiori, the entry of a plea over the signature of relator is surely a waiver of presentment to the grand jury.

Relator has cited Commonwealth ex rel. Fagan v. Francies, 53 Pa. Superior Ct. 278, but in that case defendant pleaded to a crime with which he was not charged according to any record of the court and for which there was no indictment, district attorney's or otherwise. In our case, there was a plea upon a bill of indictment specifying the charge to which relator entered a plea. The Francies case is similar to Commonwealth ex rel. Mayernick v. Ashe, 139 Pa. Superior Ct. 421, 424, in which the indictment itself showed that the crime, if any, occurred outside the Commonwealth of Pennsylvania.

In the light of the other cases above-cited, and particularly Commonwealth ex rel. Moore v. Ashe, supra, we find no merit in relator's contention that he failed to waive presentment. The Moore case stated (p. 560):

"While the procedure herein reviewed was, to the extent noted, irregular and deficient, we find no such impairment of the substantial rights of the defendant as to warrant his discharge from imprisonment. The record in its entirety shows sufficient compliance with the requirements of criminal procedure to clothe the court with jurisdiction to impose the sentence challenged."

Now, March 6, 1962, the writ of habeas corpus is dismissed and relator remanded to the State Correctional Institution at Huntingdon, Pennsylvania, there to remain until released according to law.